IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND AGUILAR,

    Plaintiff,

v.                                                                                                                             Civ. No. 16-849 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND</u>**

**THIS MATTER** is before the Court on Plaintiff Raymond Aguilar's Motion to Reverse and Remand the Social Security Commissioner's final decision denying Plaintiff disability insurance benefits. Doc. 22. For the reasons discussed below, the Court will GRANT Plaintiff's motion and remand this action to the Commissioner for further proceedings consistent with this opinion.

    **I.**     **Background**

Plaintiff is a fifty-five year old male. Plaintiff filed his initial claim for disability on February 28, 2013, alleging disability due to back pain and bone spurs. AR 79. He alleged a disability onset date of March 1, 2011. AR 79. Plaintiff's claim was initially denied on May 22, 2013, and upon reconsideration on July 25, 2013. AR 22. Plaintiff filed a written request for hearing on August 13, 2013. AR 22. The hearing was held before Administrative Law Judge (ALJ) John Morris on November 3, 2014. AR 22. On January 30, 2015, the ALJ issued his decision denying Plaintiff's claim. AR 18. Plaintiff appealed the ALJ's determination to the Appeals Council and it granted his request for review. AR 1. The Appeals Council ultimately found Plaintiff not disabled. AR 5.

Because the parties are familiar with Plaintiff's medical records, the Court will reserve discussion of the pertinent medical records for its analysis. Nevertheless, in short, Plaintiff was involved in a motor vehicle accident in March 2011. AR 269-70. Plaintiff complained of multiple issues following the accident, including right shoulder, right knee, and back pain. AR 269, 271. In October 2011, Plaintiff received an MRI of his shoulder which showed tendinopathy and a lateral acromial spur. AR 239. Plaintiff presented to Michelle Ruthmann, P.A., who assessed him as having low back pain, right shoulder arthrosis, and right shoulder rotator cuff tendinopathy. AR 288, 295. PA Ruthmann prescribed Plaintiff naproxen. AR 288. A subsequent MRI further showed multilevel degenerative disc disease, facet arthropathy, a moderate disc bulge and facet arthrosis at L4-L5 resulting in a mild left lateral recess and left neuroforaminal stenosis, and a small disc bulge at L3-L4. AR 283, 292, 437.

Plaintiff further presented to various providers over the next few years with complaints of shoulder, back, and knee pain. Consistent with P.A. Ruthmann, these records show assessments of rotator cuff tendinitis and ac joint degenerative joint disease. *See e.g.*, AR 242. Plaintiff was also assessed as suffering a right should impingement and degenerative disease of the radial carpal and ulnar carpal joints. AR 427, 264. Plaintiff decided to forgo surgery but instead opted for corticosteroid injections, which provided some relief. AR 244-45, 427, 440. AR 244.

On May 13, 2013, Dr. Hui Gong performed a consultative examination of Plaintiff. AR 411. Dr. Gong opined that Plaintiff had subjective tenderness in his right shoulder and lower back. AR 415. Dr. Gong diagnosed Plaintiff with obstructive chronic back pain since the motor vehicle accident, tendonitis in the right wrist, arthritis in the right shoulder, and possible arthritis in the neck. AR 415-16. In his functional assessment of Plaintiff, Dr. Gong opined that Plaintiff did not demonstrate any limitations in the ability to sit, stand, or walk in an 8-hour day and

Plaintiff therefore had no restrictions in standing, walking, sitting, or bending. AR 416. Dr. Gong further opined that Plaintiff was capable of lifting 25 founds frequently and 50 pounds occasionally. Finally, Dr. Gong found that Plaintiff had no restrictions in "reaching, handling, feeling and grasping" and no other "postural or manipulative limitations." AR 416.

> In his decision, the ALJ found that Plaintiff had the residual functional capacity to
>
> perform the full range of medium work as defined in 20 CFR 416.967(c). Specifically, the claimant can lift up to 50 pounds on an occasional basis and up to 25 pounds on an occasional basis; can sit, stand, and/or walk for up to six hours in an eight-hour day; can frequently reach, grasp, and finger as opposed to constant

AR 26. Because the ALJ found that Plaintiff could perform his past relevant work as a furniture upholsterer, the ALJ found Plaintiff not disabled and denied his claim. AR 29. On review, the Appeals Council adopted the ALJ's statements regarding the governing law, the issues in the case, and the evidentiary facts. The Appeals Council rejected, however, the ALJ's finding that Plaintiff is capable of performing his past relevant work. AR 4. In so concluding, the Appeals Council explained that Plaintiff's work history "does not meet the requisite substantial gainful activity requirement to be deemed past relevant work." AR 4-5. Thus, "[w]hen an individual demonstrates that he has no past relevant work, the burden shifts to the Commissioner to show that there are other jobs that he can perform." AR 5. After recognizing the ALJ's error in concluding that Plaintiff could perform his past relevant work, the Appeals Council utilized the grids and concluded that Plaintiff is not disabled. AR 5. This appeal followed.

## II. Applicable Law

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in

4

reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

**III.     Analysis**

Plaintiff raises two issues for review. Plaintiff first argues that the Appeals Council's residual functional capacity finding is unsupported by the evidence. Doc. 22 at 3. Second, Plaintiff argues that the Appeals Council erroneously relied on the medical vocational guidelines

5

(grids) at step five without considering the effects of Plaintiff's nonexertional limitations. Doc. 22 at 3. Because the Court concludes that the Appeals Council's omission of the ALJ's restriction on Plaintiff's ability to reach, grasp, and finger affected the applicability of the grids, the Appeals Council's failure to explain its omission of this limitation from its RFC is reversible error.

When the Appeals Council grants review and issues a decision, that decision becomes the final and judicially reviewable decision. *See Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). The Court reviews the Appeals Council's decision for substantial evidence and to ensure the appropriate rules and regulations have been followed. *Id.* The Appeals Council, like an ALJ, must provide reasons for its decision. *Id.* at 245. Thus, if the Appeals Council rejects the ALJ's decision, it must fully articulate its reasons. *Id.*

As noted above, the ALJ found at step four that Plaintiff was capable of performing the full range of medium work. AR 26. The ALJ further found, however, that Plaintiff "can frequently reach, grasp, and finger as opposed to constant." AR 26. The Appeals Council adopted the ALJ's analysis through step three but not did not adopt either the ALJ's RFC or his determination that Plaintiff could perform his past relevant work. The Appeals Council instead found that Plaintiff could perform the full range of medium work and utilized the grids to determine that Plaintiff was not disabled. The Appeals Council did not explain why it rejected the ALJ's finding regarding Plaintiff's limitation in reaching, grasping, and fingering.

"The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience." *Thompason v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (citing 20 C.F.R. 404, subpt. P, App. 2). "Under the Secretary's own regulations, however, the grids may not be applied conclusively in a given

case unless the claimant's characteristics precisely match the criteria of a particular rule." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987). While the "mere presence of a nonexertional impairment does not preclude reliance on the grids," *Ray v. Bowen*, 865 F.2d 585, 588 (10th Cir. 1990), the Social Security Administration may not rely conclusively on the grids unless it finds, in part, "that the claimant has no significant nonexertional impairment." *Thompson*, 987 F.2d at 1488. A nonexertional impairment is defined as "[a]ny impairment which does not directly affect the ability to sit, stand, walk, lift, carry, push, or pull." SSR 83-10. Accordingly, reaching, grasping, and fingering are considered nonexertional impairments. *Id.*

Given that the omitted restriction was a nonextertional impairment, its omission was not merely a "scrivener's error" as contended by Defendant. Instead, its omission was a material rejection of a portion of the ALJ's decision. Its omission accordingly necessitated analysis by the Appeals Council or an analysis as to why its inclusion did not preclude application of the grids to find Plaintiff not disabled. *See Reyes*, 845 F.2d at 245 ("although the Appeals Council may reject the ALJ's recommendation, that recommendation cannot be ignored. If the Appeals Council rejects the ALJ's decision, it must fully articulate its reasons. The court then decides 'with heightened scrutiny' whether the Appeals Council's reasons are supported by the record.") (internal citations omitted). Because the Appeals Council failed to explain its reasoning for omitting this restriction, the Appeals Council's decision must be reversed. *See id.*

That said, the Court notes that although it concludes that the Appeals Council was required to provide adequate reasons for rejecting the ALJ's decision on this point, it does not necessarily follow that the Court agrees with the ALJ's initial finding. There may be sufficient reasons to limit Plaintiff's RFC to a full range of medium work. For instance, such a finding would be consistent with Dr. Gong's assessment which found no limitations in Plaintiff's ability

7

to reach, finger, or grasp. But without the requisite analysis as to why the Appeals Council rejected this portion of the ALJ's RFC, the Court is unable to meaningfully review the Appeals Council's decision.

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand to Agency for Rehearing (Doc. 22).

_____
UNITED STATES MAGISTRATE JUDGE